**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH WALKER,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>KING COUNTY,<br><br>              Defendant,<br><br>  and<br><br>OFFICER MARYLISA PRIEBE-OLSON<br>and OFFICER PAUL AIO,<br><br>              Defendants - Appellants. | No. 09-35604<br><br>D.C. No. 2:08-cv-00549-JCC<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted April 8, 2010**
Seattle, Washington

---

          *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

          **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, LUCERO,[***] and N.R. SMITH, Circuit Judges.

On appeal, Officer Marylisa Priebe-Olson and Officer Paul Aio (together "Defendants") argue that the district court erred in denying their motion for summary judgment granting them qualified immunity. We disagree and affirm the district court. Because the parties are familiar with the factual history of this case, we will not recount it here.

1. The district court correctly determined that Defendants were not entitled to qualified immunity for their entry into the Walker home. In order to determine whether Defendants are entitled to qualified immunity, we consider whether, after viewing the facts in the light most favorable to the party asserting injury, (1) the facts show the officers' conduct violated a constitutional right, and (2) whether that constitutional right in question was clearly established at the time of defendants' misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (holding *Saucier* protocol, while no longer mandatory in all cases, is "often beneficial").

Under the first *Saucier* prong, Defendants argue that their warrantless entry was lawful as a "welfare check," relying on a Washington state case, *State v.*

---

[***] The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

*Gocken*, 857 P.2d 1074, 1080 (Wash. Ct. App. 1993). However, the *Gocken* holding does not cover Defendants in this case. The *Gocken* exception does not apply if: (1) the officers' motive in making their warrantless entry was to either make an arrest or search for evidence of a crime; or (2) there was probable cause to suspect a crime is being or has been committed. *Gocken*, 857 P.2d at 1080 & n.6.

Viewing the evidence in the light most favorable to Walker, the *Gocken* rule does not apply here because: (1) Defendants' motive in going to Walker's home was to investigate the child abuse investigations and whether Walker was a felon-in-possession of a firearm; and (2) Defendants had probable cause that a crime had been committed when they entered Walker's home. Defendants went to Walker's home only after receiving abuse allegations from D.W.'s mother. Additionally, Officer Priebe-Olson had investigated Walker's criminal history and "the felon-in-possession issue is part of what she wanted to investigate at the Walker house." The record also shows that Defendants had been alerted to the possibility of a gun at the house by D.W.'s mother.

Under the second *Saucier* prong, Defendants would be granted immunity if the constitutional right they violated was not clearly established at the time of their actions. Again, even assuming *Gocken* created enough ambiguity to show that the

law was not clearly established, the *Gocken* rule did not cover Defendants' actions here for the reasons noted above.

2.      The district court correctly determined that Defendants were not entitled to qualified immunity for arresting Walker.  Because Defendants' entry into Walker's home was unlawful under the Fourth Amendment, Defendants' subsequent arrest of Walker was also unlawful.  *See Payton v. New York*, 445 U.S. 573, 589–90 (1980).

3.      The district court correctly determined that Defendants were not entitled to qualified immunity for their warrantless search of Walker's home and their seizure of Walker's gun.  Defendants conducted a warrantless search of Walker's home based on information they obtained during an unlawful entry and unlawful questioning.  Consequently, their search of the house was entirely a product of their unlawful entry and arrest.  *Cf. Wong Sun v. United States*, 371 U.S. 471, 485–86 (1963) (holding that evidence obtained as a result of an illegal search is inadmissable as "fruit of the poisonous tree").  Moreover, even if exigent circumstances justifying a warrantless search existed after Defendants entered the home, Defendants learned of such circumstances only as a result of this unlawful entry, questioning, and arrest.  Exigent circumstances, therefore, cannot render the search lawful.

**AFFIRMED.**